People v J.R. (2024 NY Slip Op 24218)

[*1]

People v J.R.

2024 NY Slip Op 24218

Decided on July 30, 2024

County Court, Orange County

Campbell, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 30, 2024
County Court, Orange County

The People of the State of New York

against
J.R., Defendant.

FYC. No. 70458-24/001

The People were represented by A.D.A. Richard Giordano of the Orange County District Attorney's Office
The Defendant was represented by Christopher Kleister, Esq.

Victoria B. Campbell, J.

The District Attorney is seeking to prevent removal of this action to Family Court pursuant to CPL §722.23(2).
The Court makes the following findings of fact and conclusions of law. 
The Defendant was born on XXX X, 20XX.
The Defendant was arraigned on June 17, 2024 and thereafter appeared with counsel before the Court on June 27, 2024 at which time the 6 day hearing was adjourned on consent to July 24, 2024.
The Defendant is charged with Criminal Possession of Weapon 2d, PL Sec. 265.03(3) (2 counts acting in concert); Criminal Possession of Stolen Property 4th, PL 16.45(4) (Acting in Concert) and Criminal Possession of a Firearm PL Sec 25.01-b(1) (2 counts acting in concert).
The Felony Complaint alleges that four adolescent offenders committed the above crimes in concert, in that on June 16, 2024 at 3:58 A.M., in the area of the Ramada Inn, Town of Newburgh, County of Orange and State of New York, they were in a 2016 Nissan Rogue and possessed a loaded firearm and the arresting officer recovered firearms consisting of a .40 Glock (serial number BAFW009) on the rear drivers side floor and a 9 mm Glock 19 (serial number BUFR730) underneath the driver's seat, A silver revolver (serial number W262381) was located in co-defendant B.A.'s front left pants pocket. The 9mm Glock 19 (serial number BUFR730) was reported as stolen by the West Palm Beach Police Department. 
The parties were given the opportunity to be heard on July 24, 202 and present additional facts on the issue of whether the matter should be retained in the Youth Part pursuant to CPL Sec. 722.23(2)(b). At the hearing the People presented an Affidavit of Operability for all three [*2]firearms together with an eyewitness affidavit from C. Torelli, wherein he attested to the following facts:
That on 06/16/2024 at approximately 3:30AM at the Ramada Inn, 1289 NYS RT300, in the Town of Newburgh, County of Orange State of New York, I was sleeping in room246 when one of my es-girlfriends, Samantha Nugent, woke me up by banging on my door. I hen went to the door and walked down to the first floor with her. Once I got downstairs I saw five kids who came up to me and told me that I was going to beg for my life. I know the one of (sic) kids to be my girlfriend, Deanna Alvarez child I just cannot think of his name right now. Deanna's kid, one black male wearing an orange sweatshirt, and one white kid wearing a white tank top then lifted their shirts and each one of them had a gun on them. That's when I saw Officer Crea and I told him that the group of kids had guns on them.
The People concede that this Defendant was not one of the identified Co-Defendents who are alleged to have actually displayed the firearms. However, they argue that the matter should nevertheless remain in the Youth Part as accessorial liability should attach as the group was acting in concert. The People do concede that there exists somewhat conflicting case law, both for and against the theory of acting in concert being applicable in the Youth Part. In as much as there is little appellate review of the Raise the Age statute, a review of the case law and statute is warranted.
CPL §722.23(2) provides, in part:
(a) Upon the arraignment of a defendant charged with a crime committed when he or she was sixteen or, commencing October first, two thousand nineteen, seventeen years of age on a class A felony, other than those defined in article 220 of the penal law, or a violent felony defined in Section 70.02 of the penal law, the court shall schedule an appearance no later than six calendar days from such arraignment for the purpose of reviewing the accusatory instrument pursuant to this subdivision. The court shall notify the district attorney and defendant regarding the purpose of such appearance.
(b) Upon such appearance, the court shall review the accusatory instrument and any other relevant facts for the purpose of making a determination pursuant to paragraph (c) of this subdivision. Both parties may be heard and submit information relevant to the determination.
(c) The court shall order the action to proceed in accordance with subdivision one of this section unless, after reviewing the papers and hearing from the parties, the court determines in writing that the district attorney proved by a preponderance of the evidence one or more of the following as set forth in the accusatory instrument:
(i) the defendant caused significant physical injury to a person other than a participant in the offense; or
(ii) the defendant displayed a firearm, shotgun, rifle or deadly weapon as defined in the penal law in furtherance of such offense; or
(iii) the defendant unlawfully engaged in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact as defined in §130.00 of the penal law.
(d) Where the court makes a determination that the action shall not proceed in accordance with subdivision one of this section, such determination shall be made in writing or on the record and shall include findings of fact and to the extent practicable conclusions of law.
(e) Nothing in this subdivision shall preclude, and the court may order, the removal of an action to family court where all parties agree or pursuant to this chapter.
In support of their argument for this matter to remain in the Youth Part, the People cite several cases where a case remained in the youth part after the Court found that a defendant acted in concert with other co-defendants in causing a significant injury to a victim. In Peo. V. Colon and J.T., 72 Misc 3d 785, County Court, Orange County, (06/21/21) (BROWN, J.) The Court retained the matter in the Youth Part pursuant to CPL Sec. 722.23((2) (c)(i) [defendant caused significant physical injury], finding that the defendant "was acting with the state of mind required for the commission of that offense and that he played a pivotal role in the commission of that offense." The Court noted that the defendant was a passenger in a 'getaway' vehicle driving over 100 miles an hour, and that although he was not operating the vehicle that ultimately struck the victim's vehicle, the defendant was in the back of the van throwing multiple large motor sports vehicles out the back of the van at the pursuing police vehicles.
Likewise, the Courts in Peo. V. E.B.M, 63 Misc 3d 576, County Court, Nassau County NY (12/28/2019 SINGER, J) and Peo. V. Y.L. 4 Misc 3d 664, County Court, Monroe County (05/17/19 RUHLMANN, J), both case involving significant physical injury to a victim, both retained the case in the Youth Part under CPL Sec. 722.23((2) (c)(i) based upon the theory of acting in concert. In Peo. V. Y.L., the Court found the co-defendants were active participants in the crime whereby the victim was stabbed and hit with a bat sustaining injuries and that they shared a "community of purpose." Similarily, in Peo. V. E.B.M., the Adolescent Offender was charged as acting in concert on charges of first degree Gang Assault and Robbery 2nd where it was alleged at the 6 day hearing that they were "continuously punching, kicking and stomping victim in the head" causing significant injuries.
The Nassau County Court did, however, remove a case to Family Court over the People's contention that the AO acted in concert with another Defendant where the victim sustained significant physical injury by way of stab wounds, the Court there holding there was insufficient proof at the 6 day hearing that the AO knew his Co-Defendant had a knife or knew he planned to use it. Peo. v. K.F. 67 Misc 3d 607, County Court, Nassau County (03/11/2020 SINGER, J)
Despite several published cases where a victim suffered a significant physical injury, there is no known caselaw to support the theory that accomplice liability principles are applicable to those cases sought to remain in the Youth Part under CPL Sec. 722.23((2) (c)(ii) where the Defendant is alleged to have displayed a firearm.
During the Assembly Proceedings, Assemblyman Joseph R. Lentol, the main sponsor of the Raise the Age Bill, confirmed that, referring to the three factor test now codified under CPL Sec. 722.23(2), "you can understand why we want to do that, because kids happen to get in trouble together all the time and may — it may be just the one guy that really is the bad one—bad apple in the group, and we don't want to punish all of them. It would also disqualify the defendant who directly caused the injury, who displayed the weapon in his or own (sic) hand, and who personally engaged in the unlawful sexual conduct." (Assembly, Record of Proceedings, Aril 8, 2017, pp. 51-52) Thus the Legislative history, as specific as it is, in this context provides for the opportunity to explore who "directly caused" injury and thus permit accomplice liability principles, whereas to display a firearm, by nature of design is an act performed by only one person at a time and thus, can only be committed by a "sole actor" and not subject to principles of accomplice liability. As such, this Court does not find that the accomplice liability principles are applicable to this situation where this defendant was not [*3]alleged to have personally displayed a weapon and where the People have failed to establish that this defendant knew that his co-defendants possessed firearms. As such and based on the foregoing, the Court makes the following findings of fact and conclusions of law:
The District Attorney failed to prove by a preponderance of the evidence one or more of the provisions of CPL §722.23(2).
The District Attorney did not prove by a preponderance of the evidence that this Defendant "displayed a firearm" as required by CPL Sec. 722.23(2)(c)(ii) and the argument that accessorial liability should apply in this matter and under CPL Sec. 722.23 (2)(c)(ii) is rejected.
The District Attorney has not proven any of the factors set forth in CPL §722.23(2)(c) by a preponderance of the evidence and this matter shall proceed in accordance with the provisions of CPL §722.23(1).
Based on the foregoing, it is hereby
ORDERED, that this matter is to be removed to the Orange County Family Court, with J.R. to appear before the undersigned, in her capacity as Family Court Judge, on August 12, 2024 at 1:30 p.m.; and it is further
ORDERED, that the Children's Rights Society is appointed to represent J.R..
This constitutes the decision and Order of this Court.
Dated: July 30, 2024
Goshen, New York
E N T E R :
HON. VICTORIA B. CAMPBELL, A.J.S.C.